what he has done by way of performance of the writing which is annexed to the complaint. The performance pleaded does not include the payment of all bills for work and materials or the carrying of insurance to protect the male defendant, in accordance with the writing. Neither does the plaintiff allege facts which would estop that defendant from asserting that plaintiff had not performed or that the defendant had not waived performance of those provisions. Since his complaint reveals that what he has performed is not all he should have done, the general allegation of performance by him of all conditions, except those waived, modified or prevented, is refuted. (*Pease Oil Co.* v. *Monroe County Oil Co.,* 78 Misc. 285, affd. 158 App. Div. 951; 3 Carmody on New York Practice, § 931, p. 1804.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

CURTIS K. WALL, Respondent, v. MARY C. SMITH, Defendant. SALLY KLEIN, Appellant.— Action for specific performance. Order denying appellant's motion to cancel the *lis pendens* affirmed, with $10 costs and disbursements. (*Levy* v. *Kon,* 114 App. Div. 795; *Shostack* v. *Haskell,* 116 Misc. 475.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

VERNON W. ZINSER et al., Appellant, v. MATTHEWS DEVELOPMENT CORPORATION, Respondent.— In an action for a declaratory judgment and to recover a sum of money paid under duress, judgment of the County Court, Suffolk County, for defendant in accordance with the granting of a motion to dismiss at the close of plaintiffs' case reversed on the law and a new trial ordered, with costs to plaintiffs to abide the event. The proof is sufficient to show prima facie that the defendant willfully refused to complete the house in a reasonable time unless it obtained more money than that to which it was entitled under its contract, and that the plaintiffs were compelled to execute a release of the original contract and to make a new contract calling for more money in order to obtain the house. The plaintiffs had given the landlord notice of their leaving, and he was demanding their rented apartment. Under the circumstances an issue of fact was presented as to duress. (*Harmony* v. *Bingham,* 12 N. Y. 99; *Scholey* v. *Mumford,* 60 N. Y. 498; *McPherson* v. *Cox,* 86 N. Y. 472.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

CLARA ZITREEN, Respondent, v. HARRY ZITREEN, Appellant.— Appeal by defendant from an order punishing him for contempt in failing to file a bond to secure payment of alimony. Order affirmed, with $10 costs and disbursements. (*Samuels* v. *Samuels,* 274 App. Div. 909; *Grant* v. *Greene,* 121 App. Div. 756.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

## (June 25, 1952.)

In the Matter of the Application of SAUL C. DOWNES for Admission to Practice as an Attorney. (From the State of Michigan.) — Application granted. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.