SAMUEL GRAD, Plaintiff, *v.* SAMUEL ROBERTS, Defendant.

Supreme Court, Trial Term, Nassau County, June 28, 1962.

*Schiff & Friedman* for plaintiff. *K. Richard Marcus* for defendant.

PAUL J. WIDLITZ, J. The plaintiff and the defendant were stockholders in the Hudson Boulevard East Land Corporation, the owner of a large parcel of land in West New York, New Jersey. The defendant, a professional engineer, had participated in the formation of the corporation and the securing of financial backers, of which the plaintiff was one. Plans were projected, and the defendant, in his professional capacity as engineer, worked along with the retained architect in formulating the blueprints for the proposed building. The project limped along at a pace unsatisfactory to the stockholders, and it was

decided to sell the corporation, it being contemplated that the several stockholders would collectively divest their stockholdings to another group of builders or speculators who would erect the planned building utilizing the projected blueprints.

The plaintiff stockholder was not sympathetic to these decisions, and he secured a written option to purchase the interests of the other stockholders for $250,000. One of the provisions of the option agreement provided: " that the corporation shall continue to have the obligations to pay to Samuel Roberts the sum of $15,000.00 in consideration of his work, labor and services performed on behalf of the said corporation which sum shall be paid within ten days following the first advance of mortgage funds under the construction loan following commencement of construction." This agreement was dated August 29, 1960, and granted the option to purchase for a period of six weeks.

Thereafter the plaintiff arranged for the sale of the land for $350,000, and, a few days before the expiration of the option period, he advised the defendant and the other stockholders of the proposed sale. However, the mechanics of the sale were different from the contemplated formula. Instead of selling the stock with the land title remaining in the Hudson Boulevard East Land Corporation, there was to be a conveyance from the corporation to the plaintiff and thence to the purchasers, free and clear of any liens and incumbrances. For this purpose, the plaintiff asked for general releases from the stockholders, including the defendant, to be delivered simultaneously with the transfer of the stock. The defendant, realizing that the Hudson Boulevard East Land Corporation could not erect the building under this formula, a premise upon which had been predicated the option agreement, demanded his $15,000 as a prelude to his transfer of stock. After much heated discussion, the plaintiff gave the defendant $10,000 and signed a promissory note for $5,000, payable in 45 days after the transfer of title. This arrangement was set down in an escrow agreement arranging for an escrow holder. The note was not paid, was duly protested, and is the basis of a prior lawsuit started in the City Court of the City of New York and consolidated with the cause on hand. This action was commenced by the plaintiff to recoup the $10,000 allegedly paid under duress, the plaintiff contending that he would not have paid said sum but was literally forced to do so under duress, alleging " That induced by the fear that defendant would carry out his threat to refuse to deliver to plaintiff the stock * * * and thereby annul and render worthless the proposed contract * * * and thereby cause plaintiff to lose the substantial profit ".

An analysis of the facts adduced at the trial leads one to the irrefutable conclusion that had the defendant transferred his stock as requested, his chances of recouping the $15,000 due him for services rendered the corporation would have been slightly more than nil. In fact, had he executed a general release, as was requested by the plaintiff, irreparable prejudice would have resulted which could have conceivably precluded the recovery of the moneys due him. The defendant's actions were, therefore, justifiable in refusing to transfer his stock, and he did what any reasonable creditor would have done — he demanded his money before executing a general release. Faced with the dilemma of the defendant's refusal to transfer his stockholdings, the plaintiff could have taken one of several alternative courses, but he chose not to, and, since he now was the sole stockholder, he elected to pay the obligation of the corporation.

In order to render an act voidable, duress must involve a wrongful act or threat precluding the exercise of free will (*Adams* v. *Irving Nat. Bank,* 116 N. Y. 606). Driving a hard bargain is not sufficient to constitute duress. There was no intimidation, concealment, or false representation. The defendant simply barred the way (*Slade* v. *Montgomery,* 53 App. Div. 343).

Accordingly, the complaint of the plaintiff Grad is dismissed. With respect to Roberts' claim on the promissory note, judgment is granted the defendant Roberts against Samuel Grad in the sum of $5,000, together with interest.