■ SAMUEL GRAD, Appellant, v. SAMUEL ROBERTS, Respondent.— In two consolidated actions, one by plaintiff to recover $10,000 from the defendant allegedly paid under duress, and one by defendant to recover $5,000 from the plaintiff upon a promissory note executed by plaintiff and allegedly obtained under duress in the same transaction, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, rendered July 5, 1962 upon the decision of the court after a nonjury trial, which dismissed his complaint and which directed recovery by the defendant for $5,000 with interest and costs. Judgment reversed on the law and the facts, with costs, and judgment directed in favor of plaintiff against defendant in the sum of $10,000 with interest thereon from October 10, 1960, and in favor of plaintiff dismissing defendant's complaint against him on the $5,000 note. Findings of fact contained in the decision which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the overwhelming weight of the evidence established that defendant, without legal justification, refused to comply with a contract requiring the delivery by him to plaintiff of certain stock and general releases unless plaintiff paid him $15,000; that such a breach of contract by defendant would cause plaintiff to lose substantial profits to which he would be entitled under an agreement with a third party; and that the $10,000 payment to defendant was made by plaintiff and the $5,000 note was executed by plaintiff and delivered to defendant solely because the plaintiff urgently needed defendant's stock to enable him (plaintiff) to perform under his agreement with the third party. Under the circumstances disclosed, we are of the view that plaintiff established that the payment and the note were made under duress (cf. *Harmony* v. *Bingham*, 12 N. Y. 99, 116–117; *Scholey* v. *Mumford*, 60 N. Y. 498, 501; *McPherson* v. *Cox*, 86 N. Y. 472; *Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29, 33; *Zinser* v. *Matthews Development Corp.*, 280 App. Div. 827; 5 Williston, Contracts [rev. ed], § 1617, p. 4518). Ughetta, Acting P. J., Kleinfeld, Brennan and Hopkins, JJ., concur; Christ, J., dissents and votes to affirm the judgment with the following memorandum : The plaintiff accepted the condition upon which the defendant agreed to deliver his stock, namely: that 10 days following the advance of mortgage funds under the construction loan to be obtained by the corporation, the defendant would be paid $15,000 for his work. The plaintiff, however, chose not to pursue the pattern of the agreement under which the corporation would have proceeded with construction. Instead, he sold the property to a third party — another corporation. This change in plan endangered the defendant's ability to collect his money. He had the right to protect his claim by refusing to surrender his stock. After some negotiation, plaintiff obtained the stock by the payment of money and by the giving of a note. This business bargaining process cannot be deemed to constitute duress. Plaintiff should not now be permitted to repudiate his last arrangement with the defendant. This very suit is evidence enough that the plaintiff does not intend to see defendant paid for his work. The trial court saw this clearly. We should not now disturb its judgment. A reversal would lend the aid of this court to an unjust result as between plaintiff and the defendant. It would enable the plaintiff to enrich himself by $15,000 of the defendant's money. [35 Misc 2d 811.]