■ ART STONE THEATRICAL CORP., Doing Business as ART STONE DANCE AND GYMNASTIC SUPPLY, Appellant, v TECHNICAL PROGRAMMING & SYSTEMS SUPPORT OF LONG ISLAND, INC., Respondent.—In an action to recover damages for breach of warranty and breach of contract, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered February 15, 1989, which, upon granting the defendant's motion to dismiss the action in a prior order of the

same court entered February 6, 1989, is in favor of the defendant and against it, and (2) so much of an order of the same court, dated April 12, 1989, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the judgment entered February 15, 1989, is dismissed, as that judgment was superseded by the order dated April 12, 1989, made upon reargument; and it is further,

Ordered that the order dated April 12, 1989, is reversed insofar as appealed from, on the law, the judgment entered February 15, 1989, and the prior order entered February 6, 1989, are vacated, the defendant's motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a trial pursuant to CPLR 3211 (c) limited to the issue of duress; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The record reveals that, after a lengthy dispute between the parties over the performance of a computer software system sold by the defendant to the plaintiff, a representative of the defendant removed the source code from the system without the plaintiff's knowledge or consent. It is undisputed that the removal of the source code prevented any modification or adjustment to the system. Shortly thereafter, on April 20, 1988, the parties entered into a letter agreement which provided, *inter alia,* that "[the defendant] agrees to make the source code available to [the plaintiff] once [the president of the plaintiff has] signed [the] acknowledgement *[sic]* to this letter and [has] signed the General Release". On the same date, the president of the plaintiff executed a general release in favor of the defendant.

The plaintiff subsequently commenced the instant action by service of a summons and complaint dated September 19, 1988. The defendant moved to dismiss the action on the ground that the action was barred by a release (CPLR 3211 [a] [5]), and the plaintiff opposed the motion, contending that the release was procured through duress and was void. The Supreme Court granted the defendant's motion, and a judgment dismissing the complaint was entered. The plaintiff thereafter moved for reargument, and the court granted the motion but adhered to its prior determination, finding that the affidavit submitted by the plaintiff's president was insufficient to raise an issue of fact with respect to the claim of duress. We disagree and remit the matter for a trial pursuant to CPLR 3211 (c) on the issue of duress.

The affidavit of the plaintiff's president in opposition to the motion to dismiss alleged that the wrongful removal of the source code from the computer software system rendered the system worthless and resulted in the disruption of the plaintiff's business, thereby leaving him no choice but to accede to the defendant's demand and execute the general release in order to obtain the return of the source code. Inasmuch as "[a] contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will" *(Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955, 956; *see, Fourth Ocean Putnam Corp. v Suburbia Fed. Sav. & Loan Assn.,* 124 AD2d 550), the affidavit was sufficient to raise a factual issue with regard to the plaintiff's claim of duress. Accordingly, a trial on this issue is appropriate *(see, e.g., Anger v Ford Motor Co.,* 80 AD2d 736; *see generally, Zinser v Matthews Dev. Corp.,* 280 App Div 827).

In view of the foregoing, we need not reach the remaining contention of the plaintiff. Thompson, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.