■ SONDRA WEGWEISER et al., Respondents, v MITCHEL WEGWEISER, Appellant. [614 NYS2d 287] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 1, 1992, which granted the plaintiffs' motion and, in effect, denied the defendant's cross motion, *inter alia,* to permit him to serve an answer, and to compel the plaintiffs to produce certain tax returns, and (2) a judgment of the same court, dated January 7, 1993, which is in favor of the plaintiffs in the total sum of $24,235.90.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion for summary judgment is denied, that branch of the cross motion which was to compel the plaintiff to produce certain tax returns is denied without prejudice to renewal upon joinder of issue, the remainder of the cross motion is denied as unnecessary, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that the plaintiffs shall serve a complaint upon the defendant within 30 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We conclude that the defendant sufficiently raised a question of fact as to whether his signature on the note at issue was a forgery *(see, Diplacidi v Gruder,* 135 AD2d 395). Accordingly, the court improperly awarded summary judgment to the plaintiffs.

The defendant, in the papers submitted, failed to make the necessary showing for the production of the plaintiffs' tax returns *(see, Copeland Coating Co. v Royal Athletic Indus.,* 187 AD2d 550). Mangano, P. J., Balletta, O'Brien and Florio, JJ., concur.