■ EAST NEW YORK SAVINGS BANK, Respondent, v IRENEO BACCARAY et al., Appellants. [625 NYS2d 88] —In an action to recover on a promissory note that was commenced pursuant to CPLR 3213 by a motion for summary judgment in lieu of complaint, the defendants appeal from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered September 23, 1993, which is in favor of the plaintiff and against them in the principal amount of $76,435.22.

Ordered that the judgment is affirmed, with costs.

On October 27, 1986, the defendants executed a promissory note in favor of the plaintiff's assignor in order to finance their purchase of shares of stock in a cooperative corporation and a proprietary lease for a specific cooperative apartment. The note sets forth the principal amount of the loan as well as the schedule and the amount of the monthly payments. The note expressly provides for the acceleration of the balance due in the event of a default by the defendants. It provides as follows: "[I]f I do not pay any payment within thirty (30) days of its due date, I will be in default. If I am in default, the Note Holder may accelerate the Note and declare the full amount of principal which has not been paid and all the interest that I owe on that amount to be immediately due in full." The note indicates that the defendants also executed a loan security agreement, which sets forth other types of default for which the holder of the note may accelerate the repayment of the loan.

In 1992, the plaintiff commenced this action to recover on the promissory note by moving, pursuant to CPLR 3213, for summary judgment in lieu of serving a complaint. In support of the motion, the plaintiff submitted a copy of the promissory note and an affidavit in which the plaintiff's agent states that

the defendants had failed to make payments on the note since on or about May 1, 1990, and that they were in default. The defendants opposed the motion, *inter alia,* on the ground that the loan security agreement precludes the recovery of the balance due pursuant to the procedure set forth in CPLR 3213. The Supreme Court granted the plaintiff's motion and awarded the plaintiff judgment in its favor. We affirm.

CPLR 3213 provides in pertinent part, "When an action is based upon an instrument for the payment of money only * * * the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." We find unpersuasive the defendants' contention that the promissory note in this case is not an instrument for the payment of money only within the meaning of CPLR 3213.

It is well settled that "an instrument qualifies for CPLR 3213 treatment * * * if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" *(Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155, citing *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617; *see, Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.,* 187 AD2d 634). In the present case, the note contains an unequivocal and unconditional promise by the defendants to repay to the holder (i.e., the plaintiff) the funds that were loaned to them. The note defines a default as the failure to repay those funds and sets forth the consequences of a default. Although the note contains other terms and provisions and it refers to the loan security agreement, none of those require any additional performance by the holder of the note as a condition precedent to its repayment or otherwise alters the defendants' repayment obligation *(see, Joswick v Rossi,* 190 AD2d 656; *Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp., supra).* Therefore, since the plaintiff's claim is based exclusively upon the express terms of the note, without resort to the provisions of the loan security agreement *(see, Gittleson v Dempster,* 148 AD2d 578), "[the p]laintiff [has] established a prima facie case by proof of the existence and genuineness of the instrument and the failure to make payments thereunder" *(First Interstate Credit Alliance v Sokol,* 179 AD2d 583, 584; *cf., Manufacturers Hanover Trust Co. v Hixon,* 124 AD2d 488; *Tonkonogy v Seidenberg,* 63 AD2d 587).

We agree with the Supreme Court that the defendants failed to establish the existence of any triable issues of fact or meritorious defenses in opposition to the plaintiff's motion

*(see, e.g., Joswick v Rossi, supra; First Interstate Credit Alliance v Sokol, supra).* Accordingly, summary judgment was properly granted in favor of the plaintiff. Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.