■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v RGB INTERNATIONAL PROPERTY, INC., et al., Respondents, et al., Defendant. [625 NYS2d 256] —In an action to recover on a promissory note and personal guarantees, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered April 29, 1993, as denied the branch of its motion which was for summary judgment against the defendants RGB International Property, Inc., Ralf G. Bahr, and Janka M. Bahr.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment against the defendants RGB International Property, Inc., Ralf G. Bahr, and Janka M. Bahr is granted, the action against the remaining defendant and the cross claims asserted against him are severed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment against the defendants RGB International Property, Inc., Ralf G. Bahr, and Janka M. Bahr (hereinafter the respondents). The Federal Deposit Insurance Corporation (hereinafter FDIC), substituted as the plaintiff after its appointment as receiver for American Savings Bank (hereinafter the bank), established a prima facie case for recovery on a promissory note executed by the defendant RGB International Property, Inc., and personal guarantees signed by the defendants Ralf G. Bahr and Janka M. Bahr. The respondents did not deny execution of the documents or a default in payment, but asserted several defenses. To the extent that those defenses are based on the bank's failure to disclose the existence of a purported "arrangement" with the codefendant/coguarantor John J. Kaufman and its prior business dealings with him, such defenses cannot be asserted against the FDIC *(see, Langley v Federal Deposit Ins. Corp.,* 484 US 86; *D'Oench, Duhme & Co. v Federal Deposit Ins. Co.,* 315 US 447; *Federal Deposit Ins. Co. v Giammettei,* 34 F3d 51; *McCullough v Federal Deposit Ins. Co.,* 987 F2d 870; 12 USC § 1823 [e]). The respondents' claim that the purpose of Mrs. Bahr's guarantee was simply to facilitate execution of a judgment against Mr. Bahr's interest

in their jointly-owned property is similarly barred *(see, D'Oench, Duhme & Co. v Federal Deposit Ins. Co., supra;* 12 USC § 1823 [e]).

In any event, none of the defenses asserted have any merit. The respondents' allegations are conclusory, unsupported by evidentiary facts, and refuted by the clear and unambiguous terms of the note and the unconditional guarantees *(see, Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627).

We remit this matter to the Supreme Court, Westchester County, for a hearing to determine the amount of attorney's fees owed by the respondents pursuant to the terms of the note and guarantees. In doing so, we note that the plaintiff is entitled to recover reasonable attorney's fees for the legal work in this case, including the prior motions and responses to discovery demands, all of which was necessitated by the respondents' assertion of meritless defenses and the service of irrelevant discovery requests. Further, the plaintiff is entitled to the immediate entry of judgment for the principal amount due under the note and guarantees together with interest. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.