■ KEY BANK OF MAINE, Respondent, v ANTHONY J. LISI, Appellant. [639 NYS2d 482]

The plaintiff succeeded in making a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851) by demonstrating the existence of the promissory note executed by the defendant, the unconditional terms of repayment, and the defendant's default thereunder *(see, East N. Y. Sav. Bank v Baccaray,* 214 AD2d 601; *Beer Sheva Realty Corp. v Ponjnitayapanu,* 214 AD2d 352; *Silber v Muschel,* 190 AD2d 727). The defendant's submission of only an affirmation of his attorney who had no personal knowledge of the facts was patently inadequate to oppose the motion, inasmuch as it did not constitute proof in admissible form *(see generally, Beer Sheva Realty Corp. v Ponjnitayapanu, supra)* and it was without evidentiary value *(see, Zuckerman v City of New York,* 49 NY2d 557). In any event, were we to consider the vague, conclusory, and unsubstantiated allegations made by the attorney, we would find them insufficient to establish a triable issue of fact *(see, e.g., Beer Sheva Realty Corp. v Ponjnitayapanu, supra; Salrex Invs. v Slavin & Sons,* 214 AD2d 399; *Federal Deposit Ins. Corp. v RGB Intl. Prop.,* 214 AD2d 603; *Murphy v Reardon,* 211 AD2d 704). Furthermore, the defendant's claim that additional discovery is necessary is without merit *(see generally, Meath v Mishrick,* 68 NY2d 992; *Edwards v Terryville Meat Co.,* 178

AD2d 580). Accordingly, summary judgment was properly awarded in favor of the plaintiff. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.