■ SOLOMON HASELNUSS, Respondent, v DELTA TESTING LABORATORIES, INC., et al., Appellants. [671 NYS2d 361] —In an action to recover on a promissory note commenced pursuant to CPLR 3213 by a motion for summary judgment in lieu of complaint, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered March 26, 1997, granting summary judgment in favor of the plaintiff, and (2) a judgment of the same court entered May 6, 1997, which is in favor of the plaintiff and against them in the principal sum of $846,792.

Ordered that the appeal from the order is dismissed as withdrawn; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law under CPLR 3213 by demonstrating the existence of the promissory note executed by the defendants, the unconditional terms of repayment, and the defendants' default thereunder (*see, Grammas Assocs., Architectural & Eng'g Servs. v Ehrlich,* 229 AD2d 517; *Key Bank v Lisi,* 225 AD2d 669; *East N. Y. Sav. Bank v Baccaray,* 214 AD2d 601). The burden thus shifted to the defendants to establish by admissible evidence the existence of triable issues of fact or a

meritorious defense. We agree with the Supreme Court that the defendants failed to so establish. Contrary to the defendants' contentions, the parties' separate consulting agreement did not preclude granting summary judgment on the note, since payment on the note was not conditional upon the plaintiff's fulfilling his obligations under the consulting agreement. Furthermore, the defendants were allowed to pursue their claimed breach of the consulting agreement by compelling arbitration under the terms of that agreement. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.