■ STANLEY GREENWALD et al., Respondents, v CHARLES LEMON et al., Appellants. [716 NYS2d 872] —In an action, *inter alia,* to recover on six promissory notes, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated January 7, 2000, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint and on their counterclaim.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on their fourth and fifth causes of action to recover on the two promissory notes in the sums of $137,500, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants.

This action arises out of the plaintiffs' sale of a pharmacy

business to the defendant Charles LeMon. LeMon formed the defendant CWL-Butterfield, Inc., for the purpose of operating the pharmacy. The contract of sale set forth a purchase price of $350,000. LeMon paid $10,000 in cash and executed two promissory notes in the sums of $170,000 at the closing to constitute the purchase price. He also executed two promissory notes in the sums of $50,000, one to each plaintiff, for their covenants not to compete. The security agreement executed in connection with the sale indicated that there was a "total indebtedness in the amount of $440,000.00 with interest" listing the four promissory notes. The promissory notes were signed in the presence of counsel and witnessed by a notary public.

After the closing, outside the presence of counsel, LeMon executed two additional notes in which he promised to pay each plaintiff an additional sum of $137,500. These notes consisted of a single handwritten sheet and were not witnessed by a notary public.

LeMon made payments on the six notes from August 1992 through October 1998 and kept records of his payments. The first record consisted of typewritten amortization schedules for the two notes of $170,000 and the two notes of $50,000, reflecting the payment date, beginning balance, payment amount, principal reduction, interest paid, and ending balance. The second record was a handwritten schedule of cash payments made to the plaintiffs on the two notes of $137,500 executed after the closing. At their depositions, both the plaintiffs testified that they did not report the cash payments on their income tax returns.

The plaintiffs commenced this action to recover on the six promissory notes and moved for summary judgment. The defendants opposed the motion, arguing that the two notes executed after the closing were void for lack of consideration and as against public policy since the amount reflected in the closing documents was $450,000. In reply, the plaintiff Ralph Manglass submitted an affidavit stating that "the actual price was $725,000.00, as agreed, with $450,000.00 reflected in the attorney drawn legal documents and $275,000 in the 'under the table' notes." The Supreme Court granted summary judgment to the plaintiffs on the issue of liability and set the matter down for an inquest on the issue of damages.

The Supreme Court erred in granting summary judgment to the plaintiffs on their causes of action relating to the two promissory notes in the sums of $137,500 since there is a triable issue of fact as to whether enforcement of these notes violates public policy. The evidence proffered by both parties indicates

that the sale of the pharmacy may have been structured to avoid the payment of income taxes. The documents drafted by the attorneys did not reflect the alleged full purchase price of the business, since the two notes at issue were executed "under the table" after the closing. While agreements providing for the evasion of tax payments are not per se unenforceable, the defense of illegality should be resolved at trial (see, *Murray Walter, Inc. v Sarkisian Bros.*, 107 AD2d 173, 175-176).

The defendants' remaining contentions are without merit. Mangano, P. J., Ritter, S. Miller and H. Miller, JJ., concur.