■ MERITT DIAMOND et al., Appellants, v WILLIAM SCUDDER, Respondent. [845 NYS2d 452]—

In an action, inter alia, for specific performance of an option to purchase real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered December 6, 2006, as

granted the defendant's motion for partial summary judgment dismissing the plaintiffs' claims under an "Option Contract" to purchase the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for partial summary judgment is denied.

In January 2003 the plaintiffs leased one of the apartments in a two-family home (hereinafter the subject property), then owned by Lawrence Scudder, the defendant's decedent. The lease provided for a monthly rental in the sum of $2,300, and recited that the decedent had received the sum of $4,600 as a security deposit from the plaintiffs. On April 16, 2003 the decedent attended the "bris," or religious circumcision ceremony, of the plaintiffs' son. The bris and the subsequent celebratory meal took place in the plaintiffs' apartment. At some point during that meal, according to the plaintiffs, the decedent tendered to them an "Option Contract to Buy Real Estate" (hereinafter the option), giving them an option to buy the subject property from him at a very favorable price. He, as seller, and they, as purchasers, then signed the option in the plaintiffs' apartment, with Carole Diamond, the plaintiff Meritt Diamond's mother, as the witness to the signing of the option. The option recited, inter alia, that the purchasers had given the sum of $4,600 to the seller and the seller had received that sum from the purchaser.

The decedent died on June 25, 2003. According to the plaintiffs, by letter dated July 16, 2003, the defendant, by his attorney, demanded that all further rent be mailed to the defendant. By letter dated July 24, 2003, the plaintiffs advised the defendant and his apparently then-counsel, that they were electing to exercise the option to purchase the subject property. Ancillary letters of administration were issued to the defendant on July 28, 2004. By letter dated November 5, 2004, the plaintiffs' counsel notified the defendant's counsel that the plaintiffs were ready to close, and set the closing for 2:00 P.M. on November 30, 2004 at his office.

When the defendant failed to appear and close on the aforementioned law day, the plaintiffs commenced this action. At his deposition, the plaintiff Meritt Diamond admitted that he did not give the decedent cash as and for the consideration stated in the contract. Rather, he testified that the consideration he gave the decedent was the $4,600 in rent security from the plaintiffs' lease. He also admitted that he did not replace the security described in the lease with an additional $4,600.

After discovery, including depositions, was conducted, the de-

fendant moved for partial summary judgment dismissing the plaintiffs' claim under the option on the ground, inter alia, of lack of consideration. The Supreme Court granted the motion, finding that "[t]he evidence submitted fails to establish that plaintiffs paid to decedent the Price of the Option."

Contrary to the plaintiffs' contention, the defendant is not barred from using parol evidence to challenge the recitation in the option that consideration in the sum of $4,600 was given. Where "a want of consideration is available as a defense, parol evidence is admissible to show that an apparently valid obligation in writing was given without consideration to support it" (Prince, Richardson on Evidence § 11-203 [Farrell 11th ed], citing, inter alia, *Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255 [1970]). In considering the use of parol evidence to challenge the recitation of the statement "value received" in a note, the Court of Appeals has stated that "[t]he recitation of receipt of consideration is a 'mere admission of a fact which, like all such admissions, may be explained or disputed by parol evidence'" (*Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d at 258, quoting Richardson, Evidence § 585 [9th ed]). That is the case here.

However, upon considering the proof offered by the defendant, the Supreme Court erred in granting partial summary judgment to him. The proof submitted by the defendant in support of his contention that the option should fail for lack of consideration, i.e., the deposition testimony of Meritt Diamond, failed to show a lack of such consideration, and furthermore, demonstrated the existence of a factual question as to whether the consideration as recited in the option was, in fact, given.

The lease in question does not require a security deposit as a condition. Rather, it recites that a security deposit was given. Under General Obligations Law § 7-103, such money must be kept in trust and is the property of the lessee and not of the lessor. There is no bar either in law or in the lease to the transfer and use of that security money as consideration for the option as testified to by Meritt Diamond. By changing the status of the $4,600 from a security deposit to consideration for the option, the plaintiffs and the decedent also would have effectively transferred ownership of that money. Thus, the very proof relied upon by the defendant might be held to prove the opposite of what he asserted, i.e., that the stated consideration was paid.

While it is true, as the defendant argued, that establishing the transfer of the security deposit and/or whether the security deposit may be due to the plaintiffs on the termination of their lease presents problems of proof, that is not the issue on this

motion for summary judgment. Rather, the question is whether the defendant made a prima facie showing of his entitlement to summary judgment, and if he did so, whether the plaintiffs demonstrated the existence of a triable issue of fact. Here, the proof offered by the defendant was insufficient to satisfy his prima facie burden since the proof raised an issue of fact. Accordingly, the defendant's motion for partial summary judgment should have been denied (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.