■ COMPTON MEERABUX, Respondent, v JULIAN HENDERSON, Appellant. [912 NYS2d 897]—

In an action to recover the proceeds of an alleged loan, the defendant appeals from (1) an order of the Supreme Court, Queens County (Hart, J.), dated November 20, 2009, which granted the plaintiff's motion for summary judgment on the complaint, pursuant to CPLR 3211 (b) to dismiss his affirmative defenses, and pursuant to CPLR 3211 (a) (7) to dismiss the counterclaim set forth in his answer, and (2) a judgment of the same court entered June 14, 2010, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $560,000. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion is denied in its entirety, and the order dated November 20, 2009, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In opposition to the plaintiff's prima facie showing (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the defendant raised triable issues of fact as to whether the purported loan acknowledgment upon which the plaintiff sued was unsupported by consideration (*see generally Ferri v Ferri*, 71 AD3d 949 [2010]; *Diamond v Scudder*, 45 AD3d 630, 632 [2007]), and/or was procured through coercion and duress (*see generally Bekas v 13 Sagamore Woods Corp.*, 203 AD2d 406 [1994]; *Art Stone Theat. Corp. v Technical Programming & Sys. Support of Long Is.*, 157 AD2d 689, 691 [1990]; *Sulner v Traver*, 75 AD2d 616 [1980]). Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the complaint and, under these circumstances, the Supreme Court also erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211 (b) to dismiss the affirmative defenses.

Moreover, affording the defendant's answer a liberal construction, and accepting the allegations of the defendant's counterclaim as true while according them the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Veraldi v American Analytical Labs.*, 271 AD2d 599, 600 [2000]), we find that the counterclaim adequately stated a cause of action to recover damages for the plaintiff's alleged wrongful conduct. Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendant's counterclaim.

In view of the foregoing, we need not reach the parties' remaining contentions. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.