■ COOPER CAPITAL GROUP, LTD., Respondent, v LAWRENCE DENSEN, Appellant. [960 NYS2d 917]—

In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 27, 2011, as granted the motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is denied, and the motion and answering papers are deemed to be the complaint and answer, respectively.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating the existence of a promissory note executed by the defendant, the unconditional terms of repayment, and the defendant's default thereunder (*see Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d 823, 823 [2012]; *Haselnuss v Delta Testing Labs.*, 249 AD2d 509 [1998]; *East N.Y. Sav. Bank v Baccaray*, 214 AD2d 601 [1995]). However, in response, the defendant raised a triable issue of fact as to the validity of his signature on the note by pointing out several alleged irregularities in the document's signature page and by submitting an affidavit on his own behalf (*see Wegweiser v Wegweiser*, 205 AD2d 616, 616 [1994]). While the defendant did not submit an affidavit by a handwriting expert, where, as here, the defendant has provided more than his own unsubstantiated, conclusory allegations of fraud, expert testimony is not strictly necessary, and would be more appropriate for proof at trial (*see Diplacidi v Gruder*, 135 AD2d 395 [1987]; *cf. European Am. Bank v Syosset Autorama*, 204 AD2d 266, 267 [1994]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment in lieu of complaint. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.