In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), entered May 22, 2012, which denied his motion for summary judgment.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action to recover on a promissory note by filing a summons with notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court properly denied the plaintiff’s motion. The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating the existence of the promissory note executed by the defendant, the unconditional terms of repayment, and the defendant’s default thereunder (see Cooper Capital Group, Ltd. v Densen, 104 AD3d 898 [2013]; Sound Shore Med. Ctr. of Westchester v Maloney, 96 AD3d 823, 823-824 [2012]; Frankini v Landmark Constr. of Yonkers, Inc., 91 AD3d 593, 594 [2012]). However, in opposition, the defendant raised a triable issue of fact as to whether the subject promissory note was procured through coercion and duress (see Meerabux v Henderson, 79 AD3d 987, 988 [2010]; Bekas v 13 Sagamore Woods Corp., 203 AD2d 406 [1994]; Art Stone Theat. Corp. v Technical Programming & Sys. Support of Long Is., 157 AD2d 689, 691 [1990]). Contrary to the plaintiffs contention, he failed to demonstrate that the defendant should be collaterally estopped from raising this issue, as the plaintiff failed to demonstrate that the issue was necessarily decided against the defendant in a prior action commenced by the plaintiff to set aside a fraudulent conveyance pursuant to Debtor and Creditor Law *925 §§ 273 and 276 (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199 [2008]; Buechel v Bain, 97 NY2d 295, 304 [2001] , cert denied 535 US 1096 [2002]; Soni v Pryor, 102 AD3d 856, 857 [2013]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.