■ DEEPAK H. PATEL, Respondent, v NJDV HOSPITALITY, INC., et al., Defendants, and MAHESH JANI, Appellant. [979 NYS2d 855]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant Mahesh Jani appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated April 2, 2012, as granted that branch of the motion which was for summary judgment in lieu of complaint insofar as asserted against him, and (2) so much of a judgment of the same court dated May 11, 2012, as, upon the order, is in favor of the plaintiff and against him in the total sum of $651,656.44.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248

[1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating the existence of a promissory note executed by, among others, the defendant Mahesh Jani, the unconditional terms of repayment, and Jani's default thereunder (*see Cooper Capital Group, Ltd. v Densen*, 104 AD3d 898 [2013]; *Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d 823 [2012]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788 [2011]). In opposition to the plaintiff's prima facie showing, Jani failed to raise a triable issue of fact (*see Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789; *Haselnuss v Delta Testing Labs.*, 249 AD2d 509 [1998]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment in lieu of complaint pursuant to CPLR 3213 insofar as asserted against Jani. Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.