■ Benjamin Haimowitz, Appellant, v Menachem Pollak, Also Known as Manny Pollak, Respondent. [983 NYS2d 890]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered November 16, 2012, which denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover on a promissory note by filing a summons with notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court properly denied the plaintiff's motion.

The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating the existence of the promissory note executed by the defendant, the unconditional terms of repayment, and the defendant's default thereunder (*see Patel v NJDV Hospitality, Inc.*, 114 AD3d 738, 738 [2014]; *Baldeo v Rambaran*, 107 AD3d 924, 924 [2013]; *Cooper Capital Group, Ltd. v Densen*, 104 AD3d 898 [2013]).

However, in opposition, the defendant raised triable issues of fact. "Ordinarily, courts are not involved in the oversight or approval of contracts and will enforce them unless illegal, against public policy or deficient in some other respect" (*64th Assoc., L.L.C. v Manhattan Eye, Ear & Throat Hosp.*, 2 NY3d 585, 589-590 [2004]). "As a general rule, illegal contracts are unenforceable" (*Jara v Strong Steel Door, Inc.*, 58 AD3d 600, 602 [2009], citing *Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124, 127 [1992]). Here, the defendant raised triable issues of fact regarding the circumstances under which the promissory note was entered into and as to the possible illegality of the promissory note (*see G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 103 [2007], *affd* 10 NY3d 941 [2008]; *Greenwald v LeMon*, 277 AD2d 202, 204 [2000]). The defendant also raised a triable issue of fact as to the defense of lack of consideration with respect to the promissory note (*see American Realty Corp. of NY v Sukhu*, 90 AD3d 792, 793 [2011]; *Samet v Binson*, 79 AD3d 1005, 1005-1006 [2010]).

The plaintiff's remaining contention is without merit (*see Tirado v Miller*, 75 AD3d 153, 157-158 [2010]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.