■ SPIRO KITOVAS, Respondent, v CONSTANTINE MEGARIS, Appellant. [20 NYS3d 393]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Nassau County (Woodard, J.), entered August 27, 2014, which, upon an order of the same court dated January 6, 2014 (Bucaria, J.), granting that branch of the motion which was for judgment on the issue of liability and directing a hearing on damages, is in favor of the plaintiff and against him in the principal sum of $165,000.

Ordered that the judgment is reversed, on the law, with costs,

the plaintiff's motion for summary judgment in lieu of complaint is denied, the order is modified accordingly, and the motion and answering papers are deemed to be the complaint and answer, respectively.

The subject of this action for accelerated relief is a document designated as a "Promissory Note" (hereinafter the note), dated February 1, 2010, pursuant to which the defendant agreed to repay the plaintiff the sum of $165,000 plus interest. At the bottom of the note appears the purported signatures of the defendant and a witness. It is undisputed that the defendant made no payments under the note. In October of 2013, the plaintiff commenced this action by notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking the entire $165,000 plus interest and counsel fees. In opposition to the motion, the defendant asserted, inter alia, that he never executed the note. The Supreme Court granted the plaintiff's motion, and after inquest, entered judgment accordingly. We reverse.

To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms (see *Patel v NJDV Hospitality, Inc.*, 114 AD3d 738 [2014]; *Cooper Capital Group, Ltd. v Densen*, 104 AD3d 898 [2013]; *Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *Gullery v Imburgio*, 74 AD3d 1022 [2010]). Here, the plaintiff met his prima facie burden by submitting proof of the note and the defendant's default in payment. However, in opposition thereto, the defendant raised a triable issue of fact with respect to a bona fide defense (see *American Realty Corp. of NY v Sukhu*, 90 AD3d 792, 793 [2011]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]).

Something more than a mere assertion of forgery is required to create an issue of fact contesting the authenticity of a signature (see *Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004]). Here, in addition to his own affidavit, the defendant submitted a copy of his driver license as an example of his signature, and an affidavit from the individual who allegedly witnessed execution of the note. Review of the defendant's signature on his driver license and the signature on the note reveal some difference to the untrained eye. More importantly, the individual who is identified as the witness on the note stated in his affidavit that he had no recollection of witnessing the defendant signing the

note, and that he believed that his own signature thereon was forged. Furthermore, while the defendant did not submit an expert affidavit, an expert opinion is not required to raise a triable issue of fact regarding a forgery allegation (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 384). Finally, the defendant's signature on the note was not notarized, and thus, there is no presumption of due execution (*cf. John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621-622 [2008]).

Accordingly, the defendant raised a triable issue of fact sufficient to defeat the plaintiff's prima facie showing of entitlement to judgment as a matter of law. Therefore, the Supreme Court should have denied the motion for summary judgment in lieu of complaint (*see TD Bank, N.A. v Piccolo Mondo 21st Century, Inc.*, 98 AD3d 499, 500-501 [2012]; *Poughkeepsie Sav. Bank v Tyson*, 170 AD2d 818 [1991]; *see also Pasqualini v Tedesco*, 248 AD2d 604 [1998]).

In light of this conclusion, we need not reach the defendant's remaining contention. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.