Kawal Narain, Respondent,
against
Anita Sookraj, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered September 2, 2014. The judgment, entered upon an order of the same court dated February 21, 2014 granting plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, awarded plaintiff the principal sum of $18,000.




ORDERED that, on the court's own motion, the notice of appeal from the order dated February 21, 2014 is deemed a premature notice of appeal from the judgment entered September 2, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, without costs, the order dated February 21, 2014 is vacated, plaintiff's motion for summary judgment in lieu of complaint is denied, and the moving and answering papers are deemed to be the complaint and answer, respectively.
In an action to recover a total sum of $18,000 on two promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff submitted proof of the existence of two promissory notes executed by defendant, dated January 10, 2012 and January 27, 2012, respectively, and defendant's failure to make payment in accordance with the terms thereof. In opposition to the motion, defendant alleged that she had paid plaintiff in full and presented three checks from her company's checking account, totaling $17,000, which checks had been made payable to the order of Jemtex USA, Inc., at plaintiffs direction. Defendant further alleged that an additional payment in the sum of $1,000 had been paid in cash to plaintiff. Defendant appeals from an order of the Civil Court dated February 21, 2014 granting plaintiff's motion for summary judgment in lieu of complaint. A judgment was entered on September 2, 2014, pursuant to the February 21, 2014 order, awarding plaintiff the principal sum of $18,000.
Defendant's notice of appeal from the February 21, 2014 order is deemed a premature notice of appeal from the judgment subsequently entered (see CPLR 5520 [c]).
"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (Kitovas v Megaris, 133 AD3d 720, 721 [2015] [citations omitted]). Once a plaintiff makes such a showing, the burden shifts to the defendant to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense (see American Realty Corp. of NY v Sukhu, 90 AD3d 792, 793 [2011]; Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789 [2011]; Quest Commercial, LLC v Rovner, [*2]35 AD3d 576, 576 [2006]). Furthermore, "[a] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [2010] [internal quotation marks and citations omitted]).
Here, plaintiff met his prima facie burden by submitting the two promissory notes obligating defendant to pay the amounts set forth therein within three months from the dates of the notes and by establishing that defendant had not made any payments on the promissory notes when this action was commenced, which was more than three months after each note was dated. However, the Civil Court should not have granted the motion for summary judgment in lieu of complaint, since defendant presented a triable issue of fact with respect to her defense of payment.
Accordingly, the judgment is reversed, the order dated February 21, 2014 is vacated, plaintiff's motion for summary judgment in lieu of complaint is denied, and the moving and answering papers are deemed to be the complaint and answer, respectively.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 07, 2016