■ LAM KING YEE, Appellant, v COLETTE KLISIVITCH, Respondent. [43 NYS3d 916]—In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated July 10, 2014, as denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by demonstrating the existence of a promissory note executed by the defendant, the unconditional terms of repayment, and the defendant's default thereunder (*see Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *Cooper Capital Group, Ltd. v Densen*, 104 AD3d 898, 898 [2013]; *Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d 823, 823 [2012]; *Haselnuss v Delta Testing Labs.*, 249 AD2d 509 [1998]; *East N.Y. Sav. Bank v Baccaray*, 214 AD2d 601, 602 [1995]). However, in opposition, the defendant raised a triable issue of fact as to the validity of the promissory note by submitting evidence that the note was part of a fraudulent transaction, which had been engineered by the defendant's husband, whom she was in the process of divorcing, and who was the plaintiff's friend and business partner.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.