Cohen v Cohen (2020 NY Slip Op 00568)





Cohen v Cohen


2020 NY Slip Op 00568


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2012-01889
 (Index Nos. 40466/08, 18376/09, 10934/10)

[*1]David M. Cohen, etc., et al., plaintiffs,
v
Stanley Cohen, etc., et al., defendants. (Action No. 1.)
Janet Cohen Kaplan, etc., et al., respondents,
v
Stanley G. Cohen, etc., et al., defendants, Five Towns College, et al., appellants. (Action No. 2.)
David Cohen, etc., et al., respondents,
v
Stanley Cohen, etc., et al., defendants, Five Towns College, et al., appellants. (Action No. 3.) 


Bond, Schoeneck & King, PLLC, Garden City, NY (Howard M. Miller, Douglas M. McRae, Frank J. Patyi, and Jessica C. Satriano of counsel), for appellants.
Rosenberg Calica & Birney LLP, Garden City, NY (Ronald J. Rosenberg, William J. Birney, Lesley A. Reardon, and Melissa L. Edwards of counsel), for respondent David Cohen.
Bracken Margolin Besunder LLP, Islandia, NY (Linda U. Margolin of counsel), for respondent Janet Cohen Kaplan.



DECISION & ORDER
In related actions, inter alia, to recover damages for breach of fiduciary duty, the Board of Trustees of Five Towns College, the Public Administrator of the County of Suffolk, as administrator of the Estate of John D. Quinn, Harriet Hirshfield, as executor of the estate of Milton Hirshfield, Bruce Rensing, Anne D. Teicher, as executor of the estate of Samuel S. Teicher, Phillip Smith, Frank Scalzo, Joseph Castronovo, and Mary P. Mansi, as executor of the estate of Joseph Mansi, defendants in Action Nos. 2 and 3, appeal from an order of the Supreme Court, Suffolk County (Emily Pines, J.), dated January 5, 2012. The order, insofar as appealed from, denied their motion for summary judgment dismissing the complaints in Action Nos. 2 and 3 insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
We agree with the Supreme Court's denial of the appellants' motion for summary judgment dismissing the complaints in Action Nos. 2 and 3 insofar as asserted against them. The appellants made a prima facie showing that the trust and partnership which are at the heart of the [*2]causes of action set forth in the complaints were part of a scheme to illegally avoid the payment of taxes. However, in opposition to the appellants' motion, the plaintiffs in those actions raised triable issues of fact (see Winegrad v New York Univ Med. Ctr. , 64 NY2d 851, 853; Zuckerman v City of New York , 49 NY2d 557). Moreover, contracts in violation of federal tax law are not per se unenforceable on public policy grounds in the absence of a statute that expressly so provides (see Greenwald v LeMon , 277 AD2d 202, 204; Murray Walter, Inc. v Sarkisian Bros. , 107 AD2d 173, 175-176). Where no such express statutory provision applies, the words of the statute must be interpreted, the purposes of the legislation weighed, and the social effect of giving or refusing a remedy considered (see Murray Walter, Inc. v Sarkisian Bros. , 107 AD2d at 176). Furthermore, where the party seeking enforcement has substantially performed his or her obligations, the court should consider the quality of the illegality, the extent of the public harm, the relative guilt of the parties, and the cruelty of the forfeiture involved in the denial of a remedy (see id. at 177). Consequently, resolution of the appellants' illegality defense must await a plenary trial of the issue (see id . at 178).
The appellants' remaining contentions are either not properly before this Court or without merit.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court