Pasechnik v Shporin (2020 NY Slip Op 07389)





Pasechnik v Shporin


2020 NY Slip Op 07389


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-12209
 (Index No. 513255/18)

[*1]Eugene Pasechnik, appellant, 
v
Yury Shporin, respondent. Gregory Spektor & Associates, P.C., Rosedale, NY, for appellant.


Gustman Law, P.C. (The Zweig Law Firm, P.C., Brooklyn, NY [Jonah S. Zweig], of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 18, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover on a promissory note dated December 1, 2015, by which the defendant allegedly promised to repay the sum of $33,000 to the plaintiff by May 31, 2016. Thereafter, the plaintiff moved for summary judgment on the issue of liability. In an order dated September 18, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant containing an unequivocal and unconditional obligation to repay, and the failure [by] the defendant to pay in accordance with the note's terms" (People's United Bank, N.A. v MSI Entertainment, LLC, 172 AD3d 1413, 1413-1414 [internal quotation marks omitted]; Kitovas v Megaris, 133 AD3d 720, 721).
Here, the plaintiff satisfied his prima facie burden by annexing a copy of the note and by submitting his affidavit attesting to the defendant's failure to repay the loan. However, in opposition, the defendant raised triable issues of fact regarding the authenticity of the note and the defendant's signature thereon. Although some of the evidence submitted by the defendant was not in admissible form, under the circumstances of this case, we agree with the Supreme Court's consideration of that evidence (see Moffett v Gerardi, 75 AD3d 496, 498).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court