Samuel C. Coleman, J.
The defendant moves to dismiss a complaint on the ground that two earlier actions for similar relief were discontinued voluntarily by the plaintiff by notice, and that the second discontinuance ‘ ‘ operates as an adjudication on the merits ” (Rules Civ. Prac., rule 301, .subd. 5). The subdivision is as follows: “ * * * a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action or proceeding based on or including the same cause of action in any court of this state, United States or any state.”
The chronology of events is this:
August 29, 1959 the plaintiff served a petition and precept to recover the possession of real property in Delaware County and to obtain $1,500 rent in arrears. The action- was brought before a Justice of the Peace in that county and was dismissed by him on September 1, for lack of jurisdiction.
September 1, the plaintiff commenced an action in the County Court, Delaware County to recover the rent. It discontinued the action by notice September 9, apparently before a notice of appearance had been served by the defendant.
September 10, the plaintiff brought an action for the rent in this court by the service of a summons. But the defendant was served in Delaware County, and appearing specially, he moved to set the sendee aside on the ground of its invalidity. There were dealings between the attorneys, the nature of which is *37 immaterial, and on September 24, the plaintiff filed a notice discontinuing this action.
The same day the present action was brought for the rent (plus a small amount for insurance premiums). It is this action which the defendant moves to dismiss, relying on rule 301. There have already been two discontinuances, he says, and the plaintiff is barred from proceeding; the matter is res judicata.
The plaintiff replies that it was beyond the power of the court to adopt the rule; it was legislating in doing so; and if the power is conceded, and the rule has the force of a statute, the rule is unconstitutional: it deprives the plaintiff of ah opportunity to present his case “ on the merits ”.
It is unnecessary to deal with the plaintiff’s argument. For, although plaintiff and defendant seem to agree on the intended scope of the rule, I do not construe the rule as they do. The rule, adopted in 1953 (cf. Nineteenth Annual Report of N. Y. Judicial Council, 1953, pp. 197-217), was intended to restate and to restrict the manner in which an action could be discontinued. Literally, of course, it applies to an action discontinued by notice in an early stage of litigation, as was the case here. Yet, in view-of the drastic consequences of such a discontinuance, the rule should not apply to a second and voluntary discontinuance of an action brought in a court which did not have jurisdiction to hear the case on the merits. Only where the plaintiff the second time (without reference to the first), had been in a court having jurisdiction and had discontinued the action should he be barred from proceeding again. Such a court was the Delaware County Court, but it is not so of the first action brought in this court. The court did not have jurisdiction of the person and if the defendant’s motion to dismiss had been heard it would, of course, have been granted. The plaintiff was aware of that and its action in discontinuing was merely anticipatory of the court’s action. And the defendant himself provoked the plaintiff’s step. If he had appeared generally, as it was his privilege to do, the case would have proceeded to a final determination He suggests now that the plaintiff “ could have diligently pursued its action to completion ’ ’. But he prevented it from doing so and he compelled either a discontinuance or an order of dismissal. If there had been a dismissal, there would not be two discontinuances and the plaintiff could proceed with the present action. He has not had a second opportunity to prove his case and that at least the rule accords him.
There is no merit to the defendant’s contention that if the plaintiff is allowed to proceed, it should only be upon payment *38 of attorneys’ fees and. other expense because of “unjust harassment”. Buie 301 was not intended to do away with the principle affording relief for abuse of process and the defendant has his remedy if he feels himself aggrieved,
The motion is denied.