Henry M. Martuscello, J.
Defendant moves to dismiss the complaint upon the ground that plaintiffs by voluntarily discontinuing two previous actions for the same relief as is now sought are under CPLR 3217 (subd. [e]) barred from proceeding with the action since the last discontinuance, which was by way of notice, operates as an adjudication on the merits. Defendant also moves to dismiss the complaint on the ground that he was improperly served.
Plaintiffs cross-move to permit them to withdraw the second notice of discontinuance and in lieu thereof to permit them to discontinue the last action without prejudice; and to vacate and set aside the service of the summons and complaint in the said action.
In the first action between the parties herein the present plaintiffs were the defendants in an action for specific per *285 formance. They counterclaimed therein for ejectment of plaintiff (Noto) from certain premises. In order to avoid a trial by jury of said plaintiff’s action against them, they moved to discontinue their counterclaim against plaintiffs. The motion was granted without prejudice.
Thereafter on October 31, 1964 plaintiffs instituted another action against defendant for ejectment. On November 20, 1964 plaintiffs’ attorneys were served with motion papers to dismiss the action on the ground that the defendant was not served with a summons. Plaintiffs assert that in view thereof and accepting the truth of defendant’s affidavit that he was not served, they attempted to withdraw the action by filing a notice of discontinuance thereof; that it was their intention to concede that there was an invalid service upon defendant and to then effect a valid service of the summons which could not be challenged; that it was not their intention to discontinue their action within the interpretation of CPLR 3217 so as to prevent them from having their day in court; and that thereafter plaintiffs ’ attorney served the summons in tins action upon the defendant.
CPLR. 3217 (subd. [c]) provides: “Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States.”
The subdivision is derived totally from former rule 301 of the Rules of Civil Practice. Its prime purpose, as set forth by the Judicial Council in recommending its enactment, is to curb the use of the discontinuance device as a means of harassment and a source of unnecessary repetitive litigation (Nineteenth Annual Report of N. Y. Judicial Council, 1953, pp. 205-207). It is evident that plaintiffs’ notice to discontinue was not to harass but to accede to defendant without putting any burden upon defendant to establish the claim of nonjurisdiction and without the intent thereby to foreclose themselves from any right to proceed with a new action.
In an almost parallel situation (New Edgewood Props, v. Sachsman, 22 Misc 2d 36) the court denied the dismissal of the complaint, saying at page 37: “in view of the drastic consequences of such a discontinuance, the rule should not apply to a second and voluntary discontinuance of an action brought in a court which did not have jurisdiction to hear the case on the merits. Only where the plaintiff the second time * * * had been in a court having jurisdiction and had discontinued the *286 action should he be barred from proceeding again. * * * The court did not have jurisdiction of the person and if the defendant’s motion to dismiss had been heard it would, of course, have been granted. The plaintiff was aware of that and its action in discontinuing was merely anticipatory of the court’s action. And the defendant himself provoked the plaintiff’s step. If he had appeared generally, as it was his privilege to do, the case would have proceeded to a final determination. * * * But he prevented it from doing so [from proceeding to a final determination] and he compelled either a discontinuance or an order of dismissal. If there had been a dismissal, there would not be two discontinuances and the plaintiff could proceed with the present action. He has not had a second opportunity to prove his case and that at least the rule accords him.”
Adopting the above reasoning and in order to promote justice and to prevent wrong, the motion to dismiss the complaint in this action is denied.
Defendant asserts that in any event the service of the summons in this action was procured through subterfuge. It is alleged that while the motion to dismiss the previous action was pending, one of the defendant’s friends arranged for him to meet plaintiffs’ attorney without the defendant’s attorney’s knowledge, so that settlement of the action could be discussed; that when he came to his friend’s place of business on November 21, 1964 he was introduced to the lawyer and they talked about the case; that when he was about to leave he was handed a copy of the notice of discontinuance which was filed on November 20, 1964 with the summons and complaint in this action.
In Gumperz v. Hoffman (245 App. Div. 622, affd. 271 N. Y. 544) it was held that service of a summons will not be invalidated because it was procured through a meeting arranged with defendant by misrepresentation of the process server’s identity and purpose.
Accordingly the branch of the motion to dismiss on the ground of improper service is denied. The cross motion of the plaintiffs which seeks in effect the ultimate result above reached is denied as academic.