■ MARGARET TORTORELLO, Respondent, v LARRY M. CARLIN et al., Appellants.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on or about September 5, 1989, which denied defendants' motion to dismiss this action, pursuant to CPLR 3217 (c), on the ground that this action had been discontinued on two prior occasions, is unanimously affirmed, with costs.

This action stems from a matrimonial action in which defendants lawyers represented plaintiff. A dispute developed regarding legal fees and defendants were relieved as counsel and were awarded a charging lien, the amount of which was to be decided at a hearing. After seeking several adjournments of the hearing, plaintiff commenced a legal malpractice action against defendants. Plaintiff agreed to discontinue the malpractice action since defendants wanted to avoid sending the summons to their malpractice insurance carrier and noted that the parties could resolve their respective financial claims against each other.

After negotiations proved fruitless, plaintiff commenced another malpractice action against defendants. A couple of days later, a hearing for the attorneys' fees was held and judgment was entered by default in favor of defendants. The same day the default judgment was entered against plaintiff, a stipulation of discontinuance of the malpractice action was filed with only plaintiff's attorney's signature. According to plaintiff, defendants sought the discontinuance to pursue further settlement negotiations.

When no settlement could be reached, plaintiff instituted this malpractice action on January 31, 1989. Defendants moved to dismiss the action on the ground that it had been discontinued twice before. *(See,* CPLR 3217 [c].) The IAS court denied the motion since the evidence indicated that the second discontinuance was not for harassment but was for the legitimate purpose to conserve limited finances and to resolve the fee dispute.

CPLR 3217 (c) provides: "Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if

the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States."

Plaintiff maintains that her second discontinuance was not by notice but was by stipulation and therefore it does not operate as an automatic adjudication on the merits. However, as the purported second "stipulation" of discontinuance was not signed by defendants or their attorneys, it is not an effective stipulation. *(See,* CPLR 2104; *and see, Klein v Mount Sinai Hosp.,* 61 NY2d 865.) As the second discontinuance was served upon defendants and filed with proof of service in court, it was clearly a "discontinuance by means of notice".

Nonetheless, the second discontinuance does not operate as an adjudication on the merits in this case. The purpose of CPLR 3217 (c) "is to curb the use of the discontinuance device as a means of harassment and a source of unnecessary repetitive litigation" *(Headley v Noto,* 45 Misc 2d 284, 285, *affd* 24 AD2d 493). "When it is clear that the plaintiff has no harassment in mind, but only a most legitimate purpose to effect, in discontinuing the second action by notice, the 'on the merits' label will be held not to attach." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15.) As plaintiff's purpose for discontinuing the second action here was for good cause and clearly not for harassment purposes, the second discontinuance by notice is not an effective adjudication on the merits. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.