■ CADLEROCK JOINT VENTURE, L.P., Respondent, v HEATHER EVANS-TRACEY, Appellant. [981 NYS2d 572]—

In an action to recover on a promissory note, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 22, 2012, as, upon vacating an order dated September 7, 2011, granting the plaintiff's unopposed motion for summary judgment on the complaint, and, upon considering her opposition papers, granted the plaintiff's motion and denied that branch of her motion which was to transfer the action to Justice Laura L. Jacobsen.

Ordered that the order dated February 22, 2012, is modified,

on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

On September 23, 2005, the defendant executed two promissory notes in favor of Lend America. The second note, which is the subject of this action, was a 30-year fixed rate note for the principal sum of $181,750. In March 2008, Mortgage Electronic Registration Systems, Inc., as Lend America's nominee, assigned the mortgage and subject note to the plaintiff. In addition, the subject note contained an undated stamped endorsement to the plaintiff purportedly bearing the signature of Lend America's vice president. In December 2010, the plaintiff commenced this action against the defendant.

" 'To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms' " (*New York Commercial Bank v J. Realty F Rockaway, Ltd.*, 108 AD3d 756, 756 [2013], quoting *Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Ocean View Realty Co. v Ziss*, 90 AD3d 872 [2011]; *Key Bank of Me. v Lisi*, 225 AD2d 669 [1996]; *Beube v English*, 206 AD2d 339 [1994]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the promissory note signed by the defendant, along with an affidavit from its account officer, annexed to which was a copy of a business record, inter alia, reflecting the principal amount due, the calculation of interest, and late fees. The account officer stated that the defendant defaulted on the note by failing to pay the principal and interest due as it accrued.

However, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the defendant raised a triable issue of fact as to whether the purported signature of Lend America's vice president on the endorsement was a forgery (*see Baldeo v Rambaran*, 107 AD3d 924 [2013]).

Contrary to the defendant's contention, the Supreme Court did not err in denying that branch of her motion which was to transfer the instant action to Justice Laura L. Jacobsen (*cf. Drasser v STP Assoc., LLC*, 90 AD3d 701 [2011]).

The defendant's remaining contention is without merit. Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.