■ LAURENTINO RODRIGUES, Appellant, v GEORGE SAMARAS, Respondent. [986 NYS2d 133]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered November 27, 2013, which denied his motion for summary judgment and, thereupon, in effect, directed the dismissal of the action as barred by CPLR 3217 (c).

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, directing the dismissal of the action as barred by CPLR 3217 (c), and substituting therefor a provision deeming the moving and answering papers on the plaintiff's motion for summary judgment in lieu of complaint to be the complaint and answer, respectively; as so modified, the order is affirmed, without costs or disbursements.

According to the plaintiff, on August 21, 2007, he loaned the sum of $150,000 to the defendant. The loan was evidenced by a promissory note executed by the defendant and secured by a second mortgage on a parcel of real property owned by the defendant and located in Tarrytown. In July 2010, the plaintiff commenced an action in the Supreme Court, Westchester County, to foreclose the mortgage, alleging that the defendant had defaulted in his payment obligations under the note and mortgage (hereinafter the first foreclosure action). The defendant was served with the summons and complaint but failed to answer, appear, or otherwise move with respect to the complaint. Approximately two years later, the plaintiff moved for leave to enter a default judgment. In an order dated July 11, 2012, the Supreme Court, pursuant to CPLR 3215 (c), denied the motion,

and, in effect, directed the dismissal of the action as abandoned. In March 2013, the plaintiff commenced a second mortgage foreclosure action involving the same note and mortgage (hereinafter the second foreclosure action). Prior to the service of any responsive pleading, the plaintiff discontinued the second foreclosure action by a notice of discontinuance dated April 25, 2013.

In May 2013, the plaintiff commenced this action by motion for summary judgment in lieu of complaint, to recover on the note. The Supreme Court denied the motion and, thereupon, in effect, directed the dismissal of the action as barred by CPLR 3217 (c). The plaintiff appeals. While we affirm the denial of the plaintiff's motion on different grounds, we find that the Supreme Court erred by, in effect, directing the dismissal of the action as barred by CPLR 3217 (c).

"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *Cadlerock Joint Venture, L.P. v Evans-Tracey*, 115 AD3d 692, 693 [2014]; *see Rachmany v Regev*, 115 AD3d 840 [2014]; *Frankini v Landmark Constr. of Yonkers, Inc.*, 91 AD3d 593, 594 [2012]). If the plaintiff submits evidence establishing these elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense (*see Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d 823 [2012]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). Here, in support of his motion, the plaintiff submitted the note and his affidavit. Although the evidence demonstrated the existence of a note executed by the defendant, containing an unequivocal and unconditional obligation to pay, it did not demonstrate the defendant's failure to pay in accordance with the terms of the note, as some statements contained in the plaintiff's affidavit were inconsistent with the payment terms contained in the note. Thus, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the note (*see Superior Fid. Assur., Ltd. v Schwartz*, 69 AD3d 924, 925-926 [2010]; *HSBC Bank USA v IPO, LLC*, 290 AD2d 246 [2002]). Inasmuch as the plaintiff failed to satisfy his prima facie burden, the defendant's opposition papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Upon denying the plaintiff's motion, the Supreme Court

should not have, in effect, directed dismissal of the action as barred by a prior discontinuance pursuant to CPLR 3217 (c). CPLR 3217 (c) provides that: "[u]nless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States." The underlying purpose of CPLR 3217 (c) is to curb the use of the discontinuance device as a means of harassment and a source of unnecessary repetitive litigation (*see Tortorello v Carlin*, 162 AD2d 291, 292 [1990]). Here, the first foreclosure action was not discontinued; rather the court, in effect, directed the dismissal of the action as abandoned pursuant to CPLR 3215 (c). The only voluntary discontinuance occurred when the plaintiff discontinued the second foreclosure action in April 2013. Contrary to the defendant's contention, the dismissal of the first foreclosure action pursuant to CPLR 3215 (c) cannot be construed as a discontinuance "by any method" (CPLR 3217 [c]). The plain language of CPLR 3217 sets forth the methods by which a party may discontinue an action, namely, without an order of the court by notice or by stipulation (*see* CPLR 3217 [a]) and by order of the court (*see* CPLR 3217 [b]). Further, a dismissal of an action as abandoned pursuant to CPLR 3215 (c) is not an adjudication on the merits unless the court specifically states that it is a merits based dismissal (*see Shepard v St. Agnes Hosp.*, 86 AD2d 628, 630 [1982]). The Supreme Court, in the July 11, 2012, order, in effect, directing the dismissal of the first foreclosure action, did not so specify, and there is no authority for deeming the defendant's untimely motion for leave to enter a default judgment to be a voluntary discontinuance.

Since CPLR 3217 (c) is inapplicable to this matter, the Supreme Court, instead of directing a dismissal of the action, should have, upon denying the plaintiff's motion, deemed the moving and answering papers to the plaintiff's motion to be the complaint and answer, respectively (*see* CPLR 3213; *Mister Money Israel, Ltd. v Leibowitz*, 100 AD3d 842, 843 [2012]).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.