■ ABRAHAM HABER, Respondent, v STEVEN RASO et al., Appellants. [13 NYS3d 525]—

In an action to recover rent arrears and damages for injury to real property, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 21, 2014, which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

In October 2012, the plaintiff voluntarily discontinued an ac-

tion in the Civil Court of the City of New York, Kings County, against the defendants. In March 2013, the plaintiff voluntarily discontinued a separate action in the Supreme Court in which he had asserted the same causes of action against the defendants as were asserted in the Civil Court case. The second voluntary discontinuance was completed by filing a notice of discontinuance.

In April 2013, the plaintiff commenced this action in the Supreme Court against the defendants and asserted the same causes of action as were asserted in the two prior cases. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the instant action on the ground that, pursuant to CPLR 3217 (c), the second voluntary discontinuance, which was effectuated by filing a notice of discontinuance, was an adjudication on the merits and, thus, the instant action was barred by the doctrine of res judicata. The Supreme Court denied the defendants' motion to dismiss. The defendants appeal.

CPLR 3217 (c) provides that unless otherwise stated, inter alia, in a notice of discontinuance, a voluntary discontinuance is "without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States." In this case, the plaintiff voluntarily discontinued the second action, which was based upon the same causes of action as the first action, by notice of discontinuance. Under the circumstances of this case, where there was no legitimate purpose for discontinuing the second action, the second voluntary discontinuance by notice operated as an adjudication on the merits pursuant to CPLR 3217 (c) (*cf. Tortorello v Carlin*, 162 AD2d 291 [1990]; *Headley v Noto*, 45 Misc 2d 284 [1965], *affd* 24 AD2d 493 [1965]). Accordingly, the Supreme Court should have granted the defendants' motion to dismiss this action as barred by the doctrine of res judicata. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.