■ US Bank National Association, as Trustee for Master Asset-Backed Securities Trust, 2006-FRE2, Appellant, v Paul Cockfield, Respondent, et al., Defendants. [40 NYS3d 145]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated August 7, 2015, which denied its motion to discontinue the action without prejudice and granted the cross motion of the defendant Paul Cockfield which was, in effect, to discontinue the action with prejudice and for an award of an attorney's fee pursuant to Real Property Law § 282.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further consideration of the motion and the cross motion in accordance herewith.

In 2005, the defendant Paul Cockfield (hereinafter the defendant) obtained a residential mortgage loan in the principal sum of $441,000. As alleged, he defaulted on the loan on September 1, 2006. On December 13, 2006, the plaintiff, US Bank National Association, as trustee for Master Asset-Backed Securities Trust, 2006-FRE2, commenced an action to foreclose the mortgage. However, on June 12, 2009, the plaintiff and the defendant stipulated to discontinue the action without prejudice.

On December 10, 2009, the plaintiff, represented by new counsel, commenced a second foreclosure action with respect to the subject note and mortgage. Although the plaintiff moved for an order of reference, it thereafter requested to withdraw the motion. By order dated January 18, 2011, the Supreme Court granted the plaintiff's request to withdraw the motion for an order of reference, and sua sponte dismissed the second foreclosure action without prejudice.

On April 4, 2012, the plaintiff commenced this third foreclosure action, yet again with new counsel, and the defendant filed an answer. On October 1, 2014, the plaintiff moved to discontinue this foreclosure action without prejudice, "due to [its] inability to verify compliance with pre-acceleration notice requirements."

The defendant cross-moved, in effect, to discontinue the action with prejudice pursuant to CPLR 3217 (c), and for an award of an attorney's fee pursuant to Real Property Law § 282.

By order dated August 7, 2015, the Supreme Court denied

the plaintiff's motion and granted the defendant's cross motion for a discontinuance with prejudice and an award of an attorney's fee. After quoting CPLR 3217 (c), the court concluded that, because the plaintiff "discontinued the first action voluntarily by stipulation," the discontinuance of the third action "*must be* with prejudice" (emphasis added). The court further concluded that the defendant was entitled to an attorney's fee pursuant to Real Property Law § 282 because he prevailed by obtaining a discontinuance with prejudice, which constituted the "ultimate outcome" of this matter.

The plaintiff appeals, and we reverse.

Pursuant to CPLR 3217 (a) (1), a plaintiff may voluntarily discontinue an action without a court order by serving the parties with a notice of discontinuance "at any time before a responsive pleading is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim and filing the notice with proof of service with the clerk of the court" (CPLR 3217 [a] [1]). CPLR 3217 (a) (2) and (3) provide for discontinuance by stipulation of the parties.

CPLR 3217 (b) provides, in pertinent part, that a court may issue an order directing a discontinuance "upon terms and conditions [that] the court deems proper" (*see Rodrigues v Samaras*, 117 AD3d 1022, 1024 [2014]). "A motion for leave to discontinue an action is addressed to the sound discretion of the court" (*Marinelli v Wimmer*, 139 AD3d 914, 915 [2016], citing *Tucker v Tucker*, 55 NY2d 378 [1982]).

As pertinent to this appeal, CPLR 3217 (c) provides that, unless otherwise stated in the notice, stipulation, or order, a voluntary discontinuance is "without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on . . . the same cause of action" (*see Haber v Raso*, 130 AD3d 781, 782 [2015]).

Here, contrary to the Supreme Court's determination and the defendant's assertions, the plaintiff did not seek to discontinue this action by means of notice pursuant to CPLR 3217 (c). To the contrary, the plaintiff moved for an order of discontinuance, pursuant to CPLR 3217 (b). Thus, the court erroneously concluded that discontinuance of the third action "must be with prejudice" under CPLR 3217 (c) (*see* CPLR 3217; David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15; *cf. American Tr. Ins. Co. v Roberson*, 114 AD3d 821, 822 [2014]).

Instead, the Supreme Court should have exercised its discre-

tion in determining whether to issue an order of discontinuance, upon whatever "terms and conditions . . . the court deems proper" (CPLR 3217 [b]; *cf. Rodrigues v Samaras*, 117 AD3d at 1024).

Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for further consideration of the motion and the cross motion pursuant to the court's discretionary authority under CPLR 3217 (b) (*see generally New York Mtge. Trust, Inc. v Dasdemir*, 116 AD3d 679 [2014]; *American Tr. Ins. Co. v Roberson*, 114 AD3d 821 [2014]), including a new determination with respect to the defendant's request for an attorney's fee award pursuant to Real Property Law § 282.

The defendant's contention that the appeal is frivolous is without merit.

The defendant's remaining contentions are not properly before this Court. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.