Bayview Loan Servicing, LLC v Windsor (2019 NY Slip Op 03560)





Bayview Loan Servicing, LLC v Windsor


2019 NY Slip Op 03560


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-10119
 (Index No. 21653/13)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Leslie Windsor, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven A. Biolsi of counsel), for appellant.
Akerman, LLP, New York, NY (Ashley S. Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leslie Windsor appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 11, 2016. The order denied the motion of the defendant Leslie Windsor pursuant to CPLR 3217(c) to dismiss the complaint insofar as asserted against him, or in the alternative, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The defendant Leslie Windsor executed a $650,000 note in favor of nonparty Citimortgage, Inc., the plaintiff's predecessor in interest, on November 13, 2014. Citimortgage received a mortgage on property located in Brooklyn as security for the note.
Citimortgage commenced an action to foreclose on May 6, 2011 (hereinafter the first action). While the first action was pending, Citimortgage commenced a second action to foreclose on August 14, 2012 (hereinafter the second action).
Citimortgage filed a stipulation signed by counsel for both parties discontinuing the first action on October 4, 2012, at 11:36 a.m. Citimortgage filed a notice of discontinuance of the second action signed only by its own counsel on the same day, at 11:52 a.m. A process server stated in an affidavit that the notice of discontinuance of the second action was served by mail on October 2, 2012.
The mortgage was subsequently assigned to the plaintiff, Bayview Loan Servicing, LLC. The plaintiff commenced the instant action to foreclose the mortgage on December 16, 2013. Windsor moved to dismiss the complaint insofar as asserted against him on the ground that Citimortgage's second discontinuance functioned as an adjudication on the merits pursuant to CPLR 3217(c). Windsor further moved, in the alternative, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(1), "based upon documentary evidence utterly refuting the allegations." In support, Windsor submitted his own affidavit, in which he stated, "I exercised my lawful right to cancel the transaction. Among other things, I timely delivered my Notice of Right [*2]to Cancel within the time period required. I have provided a copy of my notice with this motion." Windsor further submitted a document, dated the day after the note and the mortgage originated, stating that he was canceling the note and the mortgage.
In an order dated May 11, 2016, the Supreme Court denied Windsor's motion in its entirety. Windsor appeals.
We agree with the Supreme Court's denial of that branch of Windsor's motion which was pursuant to CPLR 3217(c) to dismiss the complaint insofar as asserted against him. CPLR 3217(c) states that, "[u]nless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States." "The underlying purpose of CPLR 3217(c) is to curb the use of the discontinuance device as a means of harassment and a source of unnecessary repetitive litigation" (Rodrigues v Samaras, 117 AD3d 1022, 1024).
Here, contrary to Windsor's contention, the discontinuance by notice actually occurred before the discontinuance by stipulation, rendering CPLR 3217(c) inapplicable. A notice of discontinuance occurs at the time the notice is served, not at the time it is filed (see CPLR 3217[a]; A.K. v T.K., 150 AD3d 1091, 1092). A discontinuance by stipulation occurs when the stipulation is filed with the court (see CPLR 3217[a][2]). In addition, "service by mail shall be complete upon mailing" (CPLR 2103[b][2]). Here, the plaintiff submitted the affidavit of a process server, who stated that she served the notice of discontinuance of the second action, by UPS overnight delivery, on October 2, 2012. Thus, the second action was discontinued by notice on October 2, 2012, two days before the stipulation discontinuing the first action was filed with the Supreme Court. Since the discontinuance by notice preceded the discontinuance by stipulation, CPLR 3217(c) does not apply in this case.
In any event, we note that, even if the discontinuance by stipulation had preceded the discontinuance by notice by 16 minutes, the purpose of CPLR 3217(c) would not have been implicated. Where the "plaintiff's purpose for discontinuing the second action . . . was for good cause and clearly not for harassment purposes, the second discontinuance by notice is not an effective adjudication on the merits" (Tortorello v Carlin, 162 AD2d 291, 292).
We also agree with the Supreme Court's denial of that branch of Windsor's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him. To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Jesmer v Retail Magic, Inc., 55 AD3d 171, 180; Prudential Wykagyl/Rittenberg Realty v Calabria-Maher, 1 AD3d 422). Here, although Windsor submitted a document purporting to cancel the mortgage the day after it originated, he failed to submit any evidence of mailing (see 15 USC § 1635[a]; Deutsche Bank Nat. Trust Co. v Sumner, 44 Kan App 2d 851, 858). Moreover, Windsor failed to refute the allegations in the complaint that he made the required payments on the mortgage until March 1, 2009, over a year after the date of the cancellation notice he submitted. Thus, the documentary evidence submitted by Windsor failed to resolve all factual issues as a matter of law, and failed to conclusively dispose of the plaintiff's claim.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court