Selene Fin., L.P. v Coleman (2020 NY Slip Op 05962)





Selene Fin., L.P. v Coleman


2020 NY Slip Op 05962


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-09761
2017-09762
 (Index No. 513621/15)

[*1]Selene Finance, L.P., respondent, 
v
Aaron Coleman, appellant, et al, defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellant.
Stein, Wiener & Roth, LLP, Carle Place, NY (Mojdeh Malekan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Aaron Coleman appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated June 19, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference, and referred the matter to a referee to compute the amount due on the mortgage loan.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Aaron Coleman, to strike his answer and affirmative defenses, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the first order is affirmed insofar as appealed from, without costs or disbursements, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Aaron Coleman, to strike his answer and affirmative defenses, and for an order of reference, and appointed a referee, is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first order.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Aaron Coleman (hereinafter the defendant). The defendant served an answer and thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him based on, among other things, the doctrine of res judicata and the plaintiff's lack of standing.
In an order dated June 19, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference, and denied the defendant's cross motion (hereinafter the first order). On the same day, the court issued a second order, inter alia, granting the same branches of the plaintiff's motion and referring the matter to a referee to compute the amount due on the mortgage loan (hereinafter the second order). The defendant appeals from both orders.
We agree with the Supreme Court's determination that the doctrine of res judicata does not bar the instant action. "Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in [a] prior proceeding" (U.S. Bank N.A. v Friedman, 175 AD3d 1341, 1342 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651). Contrary to the defendant's contention, "a dismissal premised on lack of standing is not a dismissal on the merits for res judicata purposes" (Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031). Since a prior action was dismissed for lack of standing, the defendant failed to demonstrate that "'a judgment on the merits exists between the same parties involving the same subject matter'" (U.S. Bank N.A. v Friedman, 175 AD3d at 1342, quoting Ricatto v Mapliedi, 133 AD3d 737, 739). Thus, the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against him based upon the doctrine of res judicata.
We also agree with the Supreme Court's determination that the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against him based upon the plaintiff's lack of standing. "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Auguste, 173 AD3d 930, 933). Here, on its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the plaintiff established its standing by demonstrating that it was in physical possession of the note and its allonge, which were attached to the complaint, at the time this action was commenced (see id. at 933). Thus, we agree with the court's determination denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
However, we agree with the defendant that the Supreme Court also should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer and affirmative defenses, and for an order of reference. "On its motion for summary judgment, the plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719). "In an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 746). Where, as here, a defendant places standing in issue, the plaintiff must prove standing as part of its prima facie case (see U.S. Bank N.A. v Auguste, 173 AD3d at 932-933).
Here, although the plaintiff established its standing, the plaintiff failed to establish, through admissible evidence, the defendant's default in payment under the note. For evidence of default, the plaintiff relied upon the affidavit of a foreclosure manager employed by the plaintiff, wherein she attested, among other things, that the defendant defaulted under the loan in February 2011. By attesting that she was familiar with the record-making practices of her employer, that the records were made in the regular course of business, that it was the regular course of such business to make the record, and that the records were made "at or about the time of the event being recorded" (People v Kennedy, 68 NY2d 569, 580), the foreclosure manager satisfied the requirements for establishing a foundation for the admission of business records (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). However, since the foreclosure manager failed to submit any of the business records upon which she contends she relied in making her affidavit, her averment as to the defendant's purported default "'constitute[s] inadmissible hearsay and lack[s] probative value'" (Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209). As "it is the business record itself, not the foundational affidavit, [*2]that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205), and "a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774), the assertions by the foreclosure manager as to the contents of the records were "inadmissible hearsay to the extent that the records she purport[ed] to describe were not submitted with her affidavit" (id. at 774; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court