US Bank Trust, N.A. v Loring (2021 NY Slip Op 02559)





US Bank Trust, N.A. v Loring


2021 NY Slip Op 02559


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-07212
 (Index No. 8459/16)

[*1]US Bank Trust, N.A., etc., respondent,
v
Elizabeth C. Loring, appellant, et al., defendants.


A. M. Richardson, III, LLC, New York, NY (Ambrose Madison Richardson of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elizabeth C. Loring appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated May 2, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered May 25, 2017, denying that defendant's motion pursuant to CPLR 3211(a)(1), (3), and (5) to dismiss the complaint insofar as asserted against her, and upon an order of the same court entered October 17, 2018, inter alia, granting the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and appointing a referee to ascertain and compute the amount due to the plaintiff, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
On March 20, 2003, the defendant Elizabeth C. Loring (hereinafter the defendant) executed a note in the sum of $700,000 in favor of Washington Mutual Bank, FA (hereinafter Washington Mutual). The note was secured by a mortgage on real property in Glen Cove (hereinafter the subject property). The defendant and Washington Mutual entered into a loan modification agreement dated December 1, 2008.
The defendant allegedly defaulted under the terms of the mortgage agreement, as modified by the loan modification agreement, by failing to pay her monthly installment payment on February 1, 2010, and by failing to make any subsequent installment payments. On or about September 20, 2010, JPMorgan Chase Bank, National Association (hereinafter JPMorgan) commenced an action to foreclosure the mortgage (hereinafter the 2010 action). In May 2014, JPMorgan voluntarily discontinued the 2010 action because it determined that a "restart" of the action was necessary after realizing that it had failed to plead the existence of and submit into evidence the loan modification agreement.
Later in 2014, after assignment of the mortgage and note, the plaintiff commenced a foreclosure action (hereinafter the 2014 action). By notice of motion dated December 5, 2014, the defendant moved pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against her. By judgment dated August 3, 2016, the 2014 action was dismissed pursuant to CPLR [*2]3211(a)(1) and (3).
By letter dated June 1, 2016, the plaintiff informed the defendant that it was electing to de-accelerate the loan, withdraw demand for immediate payment of all sums owed, and re-institute the loan as an installment loan. By summons and complaint dated November 14, 2016, the plaintiff commenced the instant foreclosure action. On January 12, 2017, the defendant moved pursuant to CPLR 3211(a)(1), (3), and (5) to dismiss the complaint insofar as asserted against her, inter alia, on the ground that the plaintiff lacked standing. In an order entered May 25, 2017, the Supreme Court denied the defendant's motion.
By notice of motion dated April 30, 2018, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order entered October 17, 2018, the Supreme Court granted the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff.
In an order and judgment of foreclosure and sale dated May 2, 2019, the Supreme Court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
"A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Thus, a plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action (see PennyMac Corp. v Chavez, 144 AD3d 1006, 1007). Here, the plaintiff demonstrated that it had standing to commence the instant action by attaching a copy of the original note endorsed in blank to the summons and complaint when it commenced the instant action (see Emigrant Bank v Larizza, 129 AD3d 904, 905).
For a mortgage payable in installments, there are separate causes of action for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (id. at 982, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Where a plaintiff fails to reference or attach a loan modification agreement to the complaint, rendering it unclear what debt is being accelerated, the commencement of such an action does not validly accelerate the modified loan (see Freedom Mtge. Corp. v Engel, __ NY3d __, 2021 NY Slip Op 01090, *4). Here, JPMorgan failed to plead the existence of and submit into evidence the loan modification agreement during the 2010 action, meaning that it was unclear what debt was being accelerated by the commencement of the action, and thus, the 2010 action did not validly accelerate the modified loan (see ___ NY3d at ___, 2021 NY Slip Op 01090, *4). Since the statute of limitations was not validly accelerated until the commencement of the 2014 action, the instant action was not barred by the six-year statute of limitations (see ___ NY3d at ___, 2021 NY Slip Op 01090, *4).
"'Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof'" (Mazzurco v Astoria Fed. Sav. & Loan Assn., 157 AD3d 943, 944, quoting Shelley v Silvestre, 66 AD3d 992, 993 [internal quotation marks omitted]). However, "a dismissal premised on lack of standing is not a dismissal on the merits for res judicata purposes" (Selene Fin., L.P. v Coleman, 187 AD3d 1082, 1084 [internal quotation marks omitted]). Here, the instant action was not barred by the doctrine of res judicata because the 2014 action was dismissed for, inter alia, lack of standing, and that does not qualify as a dismissal on the merits for res judicata purposes (see id. at 1084).
CPLR 3217(c) provides that "[u]nless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action." The dismissal of the second action after a previous discontinuance only operates as an adjudication on the merits if that second discontinuance is achieved by means of notice (see US Bank N.A. v Cockfield, 143 AD3d 889, 890). Here, after the 2010 action was discontinued by means of notice, the 2014 action was dismissed after the defendant's motion to dismiss was granted. Since the 2014 action was not discontinued by means of notice, CPLR 3217(c) is inapplicable to this instant action.
Accordingly, the order and judgment of foreclosure and sale should be affirmed.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court